Exhibit 3

☐ King West ☐ OICW
☐ White Center ☐ MLK
☐ King East ☐ King Southwest
☒ King Southeast ☐ Adoptions/BRS

**Superior Court of Washington**
**County of King Juvenile Court**

Dependency of:

ACZ

DOB:

ACZ

No: 20-7-00666-0 KNT

**Shelter Care Hearing Order**
☐ Agreed as to ☐ mother ☐ father ☐ other
☒ Contested as to ☒ mother ☐ father ☐ other
☒ Default as to ☐ mother ☒ father ☐ other
(SCOR)

☒ Clerk's Action Required. Para. 3.5 (EDL), 3.10

The parties shall:
☐ Hold a ☐ case conference ☐ mediation:
   On: [Date] _____ at _____ a.m./p.m.

   ☐ King County Courthouse, 8th floor, 516 Third Avenue, Seattle, WA
   ☐ Kent Regional Justice Center, Courtroom 1L, 401 4th Ave. N., Kent, WA

☐ Not hold a case conference at this time because the parent ☐ did not appear at shelter care ☐ did not want to participate, or ☐ the court set a mediation instead.

☒ Not hold a mediation because the court has determined that this case is not appropriate for mediation.
   DUE TO PUBLIC HEALTH CRISIS

The court shall conduct a:

| | Date | Time |
|---|---|---|
| Shelter Care Hearing | 04/14/2020 | 08:00 AM |
| ☐ King County Courthouse, Courtroom E854, 8th floor, 516 Third Avenue, Seattle, WA ☒ Kent Regional Justice Center, Courtroom 1L, 401 4th Ave. N., Kent, WA | | |
| Pre Trial Conference | 05/04/2020 | 01:30 PM |
| ☐ King County Courthouse, Courtroom E863, 8th floor, 516 Third Avenue, Seattle, WA ☒ Kent Regional Justice Center, Courtroom 1L, 401 4th Ave. N., Kent, WA | | |
| Fact – Finding | 05/18/2020 | 01:30 PM |
| ☐ King County Courthouse, Courtroom E863, 8th floor, 516 Third Avenue, Seattle, WA ☒ Kent Regional Justice Center, Courtroom 1L, 401 4th Ave. N., Kent, WA | | |

**I. Hearing**

1.1 Petition: A dependency petition was filed in this matter on __03/16/2020__ [Date] by
☒ DCYF ☐ Other _____
The child was removed from the parents' care on ____03/16/2020____ (Date) by
☒ court order ☐ protective custody ☐ hospital/doctor hold ☐ voluntary placement agreement.
The court held a shelter care hearing on this date or on __03/17/2020__ (Date).

Shelter Care Hearing Order (SCOR) - Page 1 of 11
WPF JU 02.0200 (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

1.2 **Appearance**: The following persons appeared at the hearing:

| | | | |
|---|---|---|---|
| ☐ | Child | ☐ | Child's Lawyer |
| ☒ | Mother | ☒ | Mother's Lawyer A. God NDD |
| ☐ | Father | ☐ | Father's Lawyer |
| ☐ | Alleged Father _____ | ☐ | Alleged Father _____ |
| ☐ | Guardian or Legal Custodian | ☐ | Guardian's or Legal Custodian's Lawyer |
| ☐ | Child's GAL/CASA | ☐ | GAL's Lawyer |
| ☒ | DCYF Worker | ☒ | DCYF's Lawyer |
| ☐ | Tribal Representative | ☐ | Current Caregiver |
| ☐ | Interpreter for ☐ mother ☐ father | ☐ | Other _____ |
| ☐ | other _____ | | |

1.3 **Basis**: The court considered the dependency petition, declarations, testimony, if any, and the relevant court records.

☐ The child is 12 years old or older and the court made the inquiry required by RCW 13.34.100(6).

## II. Findings

2.1 **Notice**: The petitioner gave adequate notice as required under RCW 13.34.062 to the ☒ mother ☐ father ☐ child if age 12 or older ☐ guardian ☐ legal custodian ☐ other: _____

The petitioner ☐ has ☐ has not made reasonable efforts to provide notice to the ☐ mother ☐ father ☐ child ☐ guardian ☐ legal custodian ☐ other: _____ and to inform them of their rights.

2.2 **Child's Indian Status**: The court asked each participant on the record whether the participant knows or has reason to know that the child is an Indian child.

The petitioner ☒ has ☐ has not made a good faith effort to determine whether the child is an Indian Child.

☒ Based upon the following, there is not a reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), and the Federal and Washington State Indian Child Welfare Acts do not apply to this proceeding:

The child is not enrolled or eligible for enrollment in any federally recognized tribe. The mother denied any Native American ancestry or eligible for membership of any Federally Recognized Tribe. There is no reason to know the unknown father has any Native American ancestry or eligible for membership of any Federally Recognized Tribe.

☐ Based upon the following information currently available to the court, there is reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), and the Federal and Washington State Indian Child Welfare Acts do apply to this proceeding, unless and until it is determined on the record that the child does not meet the definition of an Indian child:

_____

_____

☐ Based upon the following, the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), and the Federal and Washington State Indian Child Welfare Acts do apply to this proceeding:

_____
_____

☐ The petitioner ☐ has ☐ has not made preliminary efforts to notify all tribes to which the petitioner or court knows or has reason to know the child may be a member or eligible for membership of this proceeding.

2.3 **Rights**: The parties present at the hearing were informed of their rights pursuant to RCW 13.34.065 and 13.34.090.

2.4 **Waiver of Shelter Care Hearing**: The ☐ mother ☐ father ☐ guardian ☐ legal custodian requested a waiver of the shelter care hearing. The court determined that the parent, guardian, or legal custodian ☐ was ☐ was not represented by an attorney and the waiver of the shelter care hearing was knowing and voluntary.

2.5 **Shelter Care Factors**:

The court considered the following factors:

(a) What services DCYF provided to the family to prevent or eliminate the need for removal of the child from the child's home.

☐ If lack of suitable housing was a significant factor in removal of the child, whether DCYF provided housing assistance to the family.

(b) Whether the child can be safely returned to the home pending the dependency fact-finding hearing.

(c) Whether restraining orders or orders excluding an allegedly abusive household member from the house of a nonabusive parent, guardian, or legal custodian, will allow the child to safely remain in the home.

(d) What efforts DCYF made to place the child with a relative or other suitable person known to the child and with whom the child has a relationship. The court inquired whether DCYF has discussed this issue with the parents.

(e) Whether the placement proposed by DCYF is the least disruptive and most family-like setting that meets the needs of the child.

(f) Appointment of an attorney or guardian *ad litem* for the child's parent, guardian, or legal custodian, or for the child.

(g) The terms and conditions for parental, sibling, and family visits.

2.6 **Reasonable Efforts**:

☒ Petitioner made reasonable efforts to prevent or eliminate the need for removal of the child from the child's home. For the reasons set forth in the dependency petition, supporting declarations and affidavits, and/or the testimony presented to the court:

☒ The risk of imminent harm to the child as assessed by petitioner establishes reasonable cause for the continued out-of-home placement of the child pending the fact finding hearing; and/or

☐ Specific services offered or provided to the parent(s) have been unable to remedy the unsafe conditions in the home and make it possible for the child to return home; and/ or

**Shelter Care Hearing Order** (SCOR) - Page 3 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

- [x] Returning the child to the home would seriously endanger the child's health, safety, and welfare.
- [ ] Additional reasonable efforts findings: _____

2.7 **Shelter Care**:

- [ ] The court does not find reasonable cause to believe that shelter care is needed.
- [x] It is currently contrary to the welfare of the child to remain in or return home. The child is in need of shelter care because there is reasonable cause to believe:
  - [x] The child has no parent, guardian, or legal custodian to provide supervision or care for such child; and/or
  - [x] The release of the child would present a serious threat of substantial harm to the child; and/or
  - [ ] The parent, guardian or custodian to whom the child could be released is alleged to have violated RCW 9A.40.060 or 9A.40.070.
- [ ] The child is or there is reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4). The child is in need of shelter care to prevent imminent physical damage or harm to the child.

2.8 **Placement**:

- [ ] A [ ] relative or [ ] suitable person is available or willing to care for the child and to meet any special needs of the child or to facilitate the child's visitation with siblings.
  - [ ] Placement with the relative or other suitable person is in the child's best interests.
  - [ ] DCYF needs to further investigate the character and suitability of the proposed relative or other suitable person to determine if the placement is in the child's best interests.
  - [ ] Placement with the relative or other suitable person is not in the child's best interests as there is reasonable cause to believe that placement of the child with the relative or suitable person would [ ] jeopardize the health, safety or welfare of the child [ ] hinder efforts to reunite the parent and child.
- [x] A [x] relative or [ ] suitable person is not available or willing to care for the child and to meet any special needs of the child or to facilitate the child's visitation with siblings.
- [ ] DCYF made the following efforts toward placement with a relative or other suitable person: _____

2.9 **Restraining Order**:

**Shelter Care Hearing Order** (SCOR) - Page 4 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

003-00000004

☐   The court finds reasonable cause to believe that an incident of sexual or physical abuse has occurred and that a restraining order is necessary pursuant to RCW 26.44.063(2).

☐   A restraining order ☐ has been ☐ shall be entered pursuant RCW 26.44.063 and shall be incorporated by reference into this order. Placement of the child with _____ [name] shall be contingent on continued compliance with the terms of the restraining order.



**Shelter Care Hearing Order** (SCOR) - Page 5 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

003-00000005

2.10 **Services**:

The court inquired into whether the child, the parent or parent(s), or the legal guardian requires examinations, evaluations, or immediate services. The court also inquired into whether the parent(s) agree(s) to any recommended services, and the parent(s) agree(s) to participate in the services listed in the Order.

☒ The Department recommends the following examinations, evaluations, or immediate services for the child:

Well child exam within 30 days and follow up appointments as scheduled.

☐ The child is 12 or older and ☐ agrees to the services ☐ was notified of the services ☐ was notified that he/she may request an attorney.

2.11 **Education status**:

☐ The child is not of school age.

☒ The court considered whether it is in the best interest of the child to remain enrolled in the ____Pine Tree Elementary_____ [name of school, developmental program, or child care] the child was in prior to placement and what efforts have been made to maintain the child in the school, program, or child care if it would be in the best interest of the child to remain in the same school, program, or child care.

☐ The child should not remain enrolled in the child's present school, developmental program, or child care and the reasons for the transfer to a new school, developmental program, or child care are:

_____

_____

☐ DCYF should enroll the child in school, developmental program, or child care immediately and within seven school days and request transfer of records.

☒ DCYF is responsible for coordinating the student's educational information.

☐ The child meets the criteria for appointment of an educational liaison. DCYF recommends that the court appoint (name) _____ as the child's educational liaison.

☐ The parents are not able to serve as the educational liaison because:

_____

_____

2.12 ☒ **Other**: **The Department recommends the following services for the parents**:

Mother: Drug and alcohol assessment following recommendations, random UAs four times per month, mental health assessment following recommendations, and a parenting assessment following recommendations.

Father: To be assessed once identified.

**Shelter Care Hearing Order** (SCOR) - Page 6 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

003-00000006

## III. Order

3.1 **Placement**:

☐ The child is released to the child's parent, guardian or legal custodian:

    Name(s): _____

    Address: _____

    _____

Subject to the following conditions: _____

_____

☒ The child is placed in or shall remain in shelter care, in the temporary custody and under the supervision of DCYF, which shall have the authority to place the child in:

    ☒ Licensed foster care.

    ☐ Relative placement with _____ [name].

    ☐ Placement with a suitable person: _____ [name].

Placement with the relative or suitable person is contingent upon the caregiver's cooperation with the DCYF case plan and compliance with this, and all subsequent court orders related to the care and supervision of the child, including but not limited to parent-child contact, sibling contacts, and any other conditions imposed by the court.

Placement conditions: Relatives placement will complete a home study application within ten days. If relatives do not complete within ten days or pass the home study the Department has the authority to remove child(ren).

_____

☒ DCYF shall continue to make reasonable efforts to locate and investigate an appropriate relative or other suitable person who is available and willing to care for the child, and is authorized to share information with potential relative or other suitable person placement resources as necessary to determine their suitability and willingness as a placement for the child.

☐ DCYF shall have authority to place the child with an appropriate relative with prior reasonable notice to the parties, subject to review by the court.

3.2 **Visitation**: DCYF shall provide visits between the child and parent, guardian, or legal custodian as follows:

    ☐ Per visitation attachment.

    ☒ As follows:

Mother: Minimum twice a week for ~~t~~ TWO o hours supervised by caregiver or DCYF designee.

Father: To be assessed once identified. DEPARTMENT TO ACCOMODATE FOUR HOUR VISITS IF POSSIBLE. The Dept will provide a visit today.

If siblings are not placed together, DCYF shall provide sibling visits or contact as follows:

_____

**Shelter Care Hearing Order** (SCOR) - Page 7 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

003-00000007

☒ Visitation may be expanded upon agreement of the parties.

3.3 **Attorney/GAL Appointments**: Attorney and guardian *ad litem* appointments are as follows:
☐ attorney ☒ guardian *ad litem* for ___ACZ___ [Name].
☐ attorney ☐ guardian *ad litem* for _____ [Name].
☐ attorney ☐ guardian *ad litem* for _____ [Name].
☐ attorney ☐ guardian *ad litem* for _____ [Name].

3.4 **Services**:
☐ DCYF shall offer or provide and the parent/guardian/custodian shall participate in the following agreed upon examinations, evaluations, or immediate services:

☐ The mother shall participate in the following:
_____
_____

☐ The father shall participate in the following:
_____
_____

☐ The alleged father _____ (name) shall participate in the following:
_____
_____

☐ The guardian/legal custodian shall participate in the following:
_____
_____

☐ DCYF shall provide and the child shall participate in the following examinations, evaluations, or immediate services:
_____
_____

☐ Per attached service plan.
☐ Other: _____

3.5 **Education**:

☐ DCYF or its designee shall immediately and within seven school days timely enroll the child in school and request transfer of records.

**Shelter Care Hearing Order** (SCOR) - Page 8 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

003-00000008

☐     DCYF or its designee shall provide the child's school with a certified copy of the Order and Authorization Re Health Care and Education.

☐     (Name) _____ is appointed as the child's educational liaison to carry out the responsibilities described in RCW 13.34.046. The educational liaison must complete criminal background checks required by DCYF.

3.6 **Parental Cooperation**:

The parents shall cooperate with DCYF and provide a current address and phone number to the social worker at all times. Within two weeks of the entry of this order, the parents shall provide additional information necessary for placement and notice purposes including:

(a) The names, addresses, and phone number of any relatives or other suitable persons who may be placement resources for the child.
(b) The names, addresses, phone numbers and other identifying information of any alleged parent(s) of the child.
(c) Any known information regarding possible membership in or descent from an Indian tribe.
(d) Information necessary to determine financial eligibility for services or foster care.
(e) Other:_____

The parents shall sign and maintain current releases of information during the course of these proceedings for exchange of information between all evaluators and service providers, DCYF, CASA/GAL, Juvenile Court, AAG, and the parents' attorneys.

3.7 **Paternity**:

☐     The alleged father(s) _____ shall cooperate in the establishment of paternity and shall complete all interviews, paperwork, and genetic testing within _____ days of the entry of this order.

☒     The mother shall cooperate in the establishment of paternity and shall complete all interviews, paperwork, and genetic testing within _____ days of the entry of this order.

☒     The child shall be made available for genetic testing.

☒     If paternity has not been established regarding the child, the court authorizes the King County Prosecutor's Office to proceed in the King County Superior Court, Family Law Division, on the issue of paternity, current and past child support, and costs.

3.8 **Release of Information**:

All court-ordered service providers shall make all records and all reports available to DCYF, attorney for DCYF, parent's attorney, the guardian ad litem and attorney for the child. Parents shall sign releases of information and allow all court-ordered service providers to make all records available to DCYF and the guardian ad litem or attorney for the child. Such information shall be provided immediately upon request. All information, reports, records, etc., relating to the provision of, participation in, or parties' interaction with services ordered by the court or offered by DCYF may be subject to disclosure in open court unless specifically prohibited by state or federal law or regulation.

3.9 **General**:

DCYF shall have the right to access, inspect, and copy all records pertaining to the above-named child, including but not limited to health, medical, mental health and educational records.

DCYF may authorize evaluations of the child's physical or emotional condition, routine medical and dental examination and care, and all necessary emergency care.

DCYF shall make reasonable efforts to advise the child's ☐ mother ☐ father ☐ legal guardian or custodian of the status of this case, including the date and time of the hearing(s) scheduled below and their rights under RCW 13.34.090.

**Shelter Care Hearing Order** (SCOR) - Page 9 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

3.10 **Restraining Order:**

☐ The court signed a separate restraining order on this date.

☐ The restraining order entered pursuant to RCW 26.44.063 is incorporated into this order.

Placement of the child with _____ is contingent on continued compliance with the terms of this restraining order. Failure to comply with any and all terms of this order may result in removal of the child.

The person having physical custody of the child has an affirmative duty to assist in the enforcement of this restraining order and to notify law enforcement, DCYF, and the court as necessary to request assistance and/or report violations of the order.

3.11 **Child's Indian Status:**

Any party who subsequently receives information that provides a reason to know the child is an Indian child under 25 C.F.R. § 23.107 shall inform the court.

3.12 All parties shall appear at the next scheduled hearing (see page one).

3.13 Other:

☐ The child shall remain in court-ordered placement and comply with all rules of placement. Failure to comply may result in a finding of contempt and sanctions.

_____

_____

_____

Dated: __MAR 17 2020__     _____
                              Commissioner
                              **Ann Danieli**

Presented by:
_SM_____
Assistant Attorney General
WSBA # 50261

Copy Received. Approved for entry, notice of presentation waived.

_____     ☐ Signature of Child's Lawyer
Signature of **Child**
                              _____
                              Print Name                WSBA No.

                              _Hannah Gold_____
☐ Signature of **Mother**     ☐ Signature of Mother's Lawyer
☐ Pro Se, Advised of Right to Counsel
                              _H. Gold_____ _45516_
                              Print Name              WSBA No.

**Shelter Care Hearing Order** (SCOR) - Page 10 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065

| ☐ Signature of **Father** <br> ☐ Pro Se, Advised of Right to Counsel | ☐ Signature of **Father's Lawyer** |
|---|---|
| | Print Name / WSBA No. |

| ☐ Signature of **Guardian or Legal Custodian** <br> ☐ Pro Se, Advised of Right to Counsel | ☐ Signature of Guardian or Legal Custodian's Lawyer |
|---|---|
| | Print Name / WSBA No. |

| ☐ Signature of Child's **GAL** | ☐ Signature of Lawyer for the Child's GAL |
|---|---|
| Print Name | Print Name / WSBA No. |

| Signature of **DCYF Representative** | Signature of DCYF Representative's Lawyer |
|---|---|
| Print Name | Print Name / WSBA No. |

| ☐ Signature of **Tribal Representative** | ☐ Signature |
|---|---|
| Print Name | Print Name / WSBA No. <br> Lawyer for _____ |

**Shelter Care Hearing Order** (SCOR) - Page 11 of 11
**WPF JU 02.0200** (10/2019) - JuCR 2.1, 2.3, 2.4; RCW 13.34.062, .065