Exhibit 8

☐ King West          ☐ OICW
☐ West Seattle       ☐ MLK
☐ King East          ☒ King Southeast
☐ King Southwest     ☐ Adoptions/BRS

FILED
KING COUNTY WASHINGTON

NOV 0 8 2021

DEPARTMENT OF
JUDICIAL ADMINISTRATION

| Superior Court of Washington County of King Juvenile Court | |
|---|---|
| Dependency of:<br><br>ACZ<br>D.O.B.: ACZ<br><br><br>Minor child | No: 20-7-00666-0 SEA<br><br>**Order after Hearing:**<br>☐ **First Dependency Review (FDPRHO)**<br>☒ **Dependency Review (DPRHO)**<br>☐ **Permanency Planning (ORPP)**<br>**CLERK'S ACTION REQUIRED.**<br>Paragraphs 2.10 (☐ CPR ☐ NSP ☐ CRD ☐ IPM ☐ PCT ☐ NFA ☐ GCF), 3.13 (EDL/WDL), and the boxes below. |

The court will hear ☐ interim review ☐ dependency review ☒ permanency planning  hearing

on (date) 5/6/2022 at 10:15 am/pm at: King County Superior Court, located at:
☒ King County Courthouse, 516 Third Ave, Rm ~~W-T13~~ Seattle, WA 98104
                                        W-842  or  by Zoom
(Parties may attend remotely via ZOOM if the court emails an invitation prior to the hearing)

**Additional Clerk's Action Required: Enter the code(s) that apply.**

*About today's hearing:*
Was adequate and timely notice given to the child's caregiver?  Yes (CGATN) ☒      No (CGNATN) ☐
Did the court receive a caregiver report?  Yes (CGRR) ☐ / No ☒
☐ The caregiver appeared. Did the court give the caregiver an opportunity to be heard? Yes ☐ / No ☐

## I. Hearing

1.1    The court held a hearing on 11/05/21.

1.2    The following persons appeared at the hearing (held remotely due to COVID protocols):

☒ Mother – Myriam Zayas          ☒ Mother's Lawyer – Daewoo Kim
☐ Father (unknown)                ☐ Father's Lawyer - *unrepresented*
☐ Child's GL - *pending*
☒ DCYF Worker – Brittany Ramos    ☒ Agency's Lawyer – David La Raus
☐ Other:

1.3    The order is ☐ agreed ☒ contested.

☐ The court heard testimony from: _____.
☐ The child is 12 years old or older and the court made the inquiry required by RCW 13.34.100(7).

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 1 of 10
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145


ORIGINAL

## II. Findings

**General**

2.1    Child's Indian status:  ☒ On this date ☒ On ___5/07/21____, the court asked each participant on the record whether the participant knows or has reason to know the child is an Indian child.

      ☒      There is not a reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), based upon prior findings and order(s).  The federal and Washington State Indian Child Welfare Acts do not apply to these proceedings.

      ☐      There is reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), based upon prior findings and order(s).  The federal and Washington State Indian Child Welfare Acts apply to this proceeding.  The notice and evidentiary requirements of the federal and Washington State Indian Child Welfare Acts were found in previous hearings and are incorporated here by reference.

2.2    The child's current caregiver was informed of this proceeding and his or her right to be heard by the court as required by Chapter 13.34 RCW.

2.3    ☒      Pursuant to RCW 13.34.030, the child was found to be dependent as to the ☒ mother ☒ father ☐ guardian/legal custodian and a disposition order was entered.

2.4    ☒      In the previous review period, the permanency plan in effect for the child has been:

| Primary: | Alternative: | |
|---|---|---|
| ☐ | ☒ | Return of the child to the home of the ☒ mother ☐ father ☐ guardian or ☐ legal custodian; |
| ☒ | ☐ | Adoption; |
| ☐ | ☐ | Final non-parental custody order pursuant to Chapter 26.10 RCW or the equivalent laws of another state or a federally recognized Indian tribe; |
| ☐ | ☐ | Title 13 Guardianship |
| ☐ | ☐ | Long term ☐ relative or ☐ foster care, for children between 16 and 18 years of age, with a written agreement; |
| ☐ | ☐ | Responsible living skills program; and/or |
| ☐ | ☐ | Independent living for children 16 and older. |

2.5    The placement and permanent plan:

      ☒      are still necessary and appropriate for the safety and wellbeing of the child.

      ☐      are no longer necessary and appropriate and the placement shall be modified as stated in Paragraph 3.3.

      ☐      are no longer necessary and appropriate and the permanent plan shall be modified as stated in Paragraph 3.19.

      ☐      have been accomplished because the court entered a parenting plan, residential schedule, or nonparental custody decree, which is in the child's best interests, and which implements the permanent plan of care.

      ☐      long-term foster or relative care has been achieved.

2.6    _____April 2022_____ is the projected date for:

      ☒ return of the child to his or her home.
      ☒ placement for adoption.
      ☐ establishment of a guardianship.
      ☐ implementation of the following alternate plan of care: _____.

2.7 ☐ The child is 16 years old or older and the court has approved a permanency plan other than Return Home, Adoption, Title 13 Guardianship, or final non-parental custody order pursuant to chapter 26.10 RCW for the following compelling reasons:

2.8 ☐ The child is 14 years old or older and the court makes the following findings:

2.9 The court advised the petitioner that failure to provide court-ordered visitation may result in a finding that the petitioner failed to make reasonable efforts to finalize the permanency plan.

DCYF ☒ has ☐ has not made reasonable efforts to implement and finalize the permanent plan for the child.

☒ This finding is based upon the following: services offered/provided to mother
_____

2.10 ☒ The child has been in out-of-home care for 15 of the last 22 months since the date the dependency petition was filed and:
☒ termination petition has already been filed.
☐ DCYF should file a termination petition pursuant to RCW 13.34.136(3).
☐ A termination petition should be filed pursuant to RCW 13.34.138(2)(d).
☐ Good cause not to require the filing of a termination petition exists because of the following:

**Reports**

2.11 The DCYF report ☒ was ☐ was not timely submitted.

2.12 The child's ☐ guardian ad litem ☐ attorney ☐ has ☐ has not made a report to the court.

☐ The guardian ad litem has met with or personally observed the child in the past review period.

☐ The guardian ad litem has not met with or personally observed the child in the past review period because:

_____N/A – CASA PENDING_____

2.13 ☐ The child's educational liaison, (name) ___n/a due to age_____ ☐ has ☐ has not made a report to the court.

☐ The current educational liaison should continue.
☐ It is no longer appropriate for the current educational liaison to continue because:
_____.
DCYF recommends that the court appoint (name) _____
to serve as the child's educational liaison.

2.14 ☒ The following other parties submitted reports to the court:  MOTHER

**Placement**

2.15 Placement of the child:

**A.    Return Home**
**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 3 of 10
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

**B.**  **In Home**

**C.**  **Out of Home**

☒  Currently out of the home:  The child remains placed out of home.  There is a continuing need for out-of-home placement for the child and it would be contrary to the child's welfare to return home.  The child should remain in the custody, control and care of ☒ DCYF ☐ a relative ☐ an other suitable person to be placed or remain in:

☐ Relative care with _____ (name).

☒ Relative placement, although preferred, is not in the best interest of the child and the child shall continue or be placed in:
☒ Foster care (for QRTP also complete section D below).
☐ Placement with a suitable person _____ (name).
☐ Placement with an adoptive parent or other person with whom the child's siblings or half-siblings live.
☐ Other:

☐  The child is an Indian child as defined in RCW 13.38.040, and this placement complies with the placement priorities in RCW 13.38.180, and 25 U.S.C.§1915.

☒  The child ☒ is ☐ is not in an appropriate placement that adequately meets all his or her physical, emotional, cultural, and educational needs.

☒  DCYF ☐ has ☒ has not considered out-of-state placements for the child.

☒  There are no appropriate out-of-state placements at this time.
☐  Other:

_____
_____.

☐  The ☐ mother's ☐ father's homelessness or lack of suitable housing is a significant factor delaying permanency for the child by preventing the return of the child to the home of the child's parent.

☐  DCYF should provide housing assistance.

**D.**  **Qualified Residential Treatment Program – N/A**

**Compliance and Progress**

2.16  DCYF ☒ has ☐ has not made reasonable efforts to provide services to the family and eliminate the need for out-of-home placement of the child.
☒ This finding is based upon the following: services offered/provided to mother

**A. Compliance with Court Order**

Agency _____ ☒ yes ☐ no ☐ partial:has referred mother for services & visits, and has met with mother in person to discuss

Mother __Zayas_____ ☐ yes ☐ no ☒ partial: some engagement in psych eval, UAs, MH counseling

Father __unknown ___ ☐ yes ☒ no ☐ partial: has not come forward

Child _____ ☐ yes ☐ no ☐ partial: ___N/A _____

**B. Progress toward correcting the problems that necessitated the child's placement in out-of-home care:**

Mother __Zayas_____ ☐ yes ☐ no ☒ partial: recent progress with UAs and MH services

Father __unknown ___ ☐ yes ☒ no ☐ partial: _____ has not come forward _____

Child _____ ☐ yes ☐ no ☐ ____N/A_____

**C. Other Findings**

Mother's recent progress is very positive given her adamant resistance - Continued engagement is encouraged.

**Visitation**

2.17 ☒ The mother ☒ has ☐ has not visited the child on a regular basis.

☐ Reasons why visits have not occurred or have been infrequent:

_____.

2.18 ☒ The father ☐ has ☒ has not visited the child on a regular basis.

☒ Reasons why visits have not occurred or have been infrequent:

no person has come forward to identify themselves as the father of the child or to request contact

2.19 ☒ The child is placed out of the home and the court has considered the child's placement, contact, and visits with the child's siblings in accordance with RCW 13.34.130(3). Placement with, contact, or visits between siblings:

☒ has occurred (specify): infant and adult siblings are not under court jurisdiction but have some contact during mother's visits

_____.

☐ has not occurred because:
   ☐ there is reasonable cause to believe that the best interests of the child or siblings would be jeopardized,
   ☐ the court does not have jurisdiction over the siblings in question and the parents are not willing to agree to a plan, or
   ☐ efforts to reunify the parent with the child would be hindered by such placement, contact, or visitation.
   ☐ Other: _____

2.20 ☒     The presence of threats or danger to the child requires the constant presence of an adult to ensure the safety of the child when visiting with the ☒ mother ☐ father.

☒     Under the prior court order, visitation between the ☒ mother ☐ father and the child was ☒ supervised or ☐ monitored.

DCYF has presented a report to the court including evidence that establishing that removing visit supervision or monitoring would create a risk to the child's safety. ☐ Supervision ☒ monitoring of visitation must continue.

## Permanency Planning Findings – Required at Permanency Planning Hearing

2.21   The permanent plan for the child ☐ has ☐ has not been achieved.

2.22   The court ☐ has ☐ has not consulted with the child in an age-appropriate manner about the proposed permanency or transition plan.

2.23   Service providers ☐ have ☐ have not been involved in planning to meet the special needs of the child and the child's parent.

2.24 ☐     The child is age 14 years old or older and the court makes the following findings:

2.25 ☐     The permanency plan identifies independent living as a goal and services should be provided to assist the child in making a transition from foster care to independent living and allow the child to manage his or her financial, personal, social, educational, and non-financial affairs.

DCYF ☐ has ☐ has not identified specific services to be provided to assist the child in making a transition from foster care to independent living.

2.26 ☐     The child has been placed in the home of the ☐ mother ☐ father for a period of at least six months.

☐     The permanent plan of return to the ☐ mother ☐ father has been achieved and court supervision is not needed.

☐     Court supervision should remain in effect. The placement of the child with the ☐ mother ☐ father is continued under the supervision of the court until the next review hearing.

☐     The following conditions apply to the continued placement of the child with the ☐ mother ☐ father:

_____.

## Other

2.27 ☐     The child is legally free and it has been six months or more since all parental rights were terminated. The court shall appoint an attorney by separate order.

2.28   **Other**:

_____

_____

## III. Order

**Placement**

3.1   ☒   The child remains a dependent child pursuant to RCW 13.34.030(6) ☐ (a) ☐ (b) ☒ (c). Court supervision shall continue.

3.2   ☐   An Order Dismissing Dependency shall be entered.

3.3   ☒   The child shall be in the custody, control, and care of DCYF for placement in:

   ☒ Foster care.
   ☐ Relative placement with _____(name).
   ☐ The home of a suitable person _____(name).
   ☐ The home of an adoptive parent or other person with whom the child's siblings or half-siblings live.
   ☐ The home of the ☐ mother ☐ father for a trial return home under the continued supervision of the court.

   ☐   Placement of the child in the ☐ mother's ☐ father's home is contingent upon the parent's compliance with court orders related to the care and supervision of the child, including compliance with DCYF case plan, and the ☐ mother's ☐ father's continued participation in ☐ substance abuse ☐ mental health treatment ☐ other services:

   **DCYF may remove the child from the home, subject to review by the court, if the parent fails to comply with the DCYF plan or court order; is unable, unwilling, or fails to participate in available services or treatment for themselves or the child; or fails to successfully and substantially complete available services or treatment for themselves or the child.**

   ☐   Placement of the child in the ☐ mother's ☐ father's home is contingent upon _____ (name of caregiver) engaging in and completing additional services as listed in section 3.20 to ensure the safety of the child ☐ prior to ☐ during the trial placement of the child in the home:

   **If your child is placed in your care, you have an ongoing duty to notify DCYF of all persons who reside in the home or who may act as a caregiver for the child as long as the court retains jurisdiction of this matter or DCYF is providing or monitoring services to you or any caregiver of the child.**

3.4   ☐   The child shall be in the custody, control, and care of:

   ☐   a relative, _____ (name(s)), without supervision of this placement by DCYF.

   ☐   an other suitable person: _____ (name(s)), without supervision of this placement by DCYF.

**General**

3.5   DCYF having custody of the child shall have full power to authorize and provide all necessary, routine, and emergency medical, dental, or psychological care as recommended by the child's treating doctor or psychologist, subject to review by the court, as needed.

3.6   All service providers shall make all records and all reports available to DCYF, the parent's attorney, and the guardian *ad litem* or attorney for the child. Parents shall sign releases of information and allow all service providers to make all records available to DCYF and the guardian *ad litem* or attorney for the child. Such information shall be provided immediately upon request.

All information, reports, records, etc., relating to the provision of, participation in, or parties' interaction with services ordered by the court or offered by DCYF shall be subject to disclosure in open court unless specifically prohibited by state or federal law or regulation.

3.7     The report of DCYF for the next review hearing shall be submitted to the court and to the parties at least fourteen (14) days prior to the hearing.

3.8    ☐    A petition seeking termination of the parent-child relationship between the child's ☐ mother ☐ father and the child shall be filed by DCYF not later than _____ (date).

**Services**

Any evaluation ordered by the court must comply with RCW 13.34.370.

3.9    ☒    Services for the mother are:

    ☒    as set forth in the prior orders.

    ☒    as follows: to be consolidated as possible with THS or comparable services provided to facilitate mother's access, as described in social worker report.

3.10    ☒    Services for the father(s) are:

    ☒    as set forth in the prior orders.

    ☐    as follows:

3.11    ☐    Additional services for the ☐ mother ☐ father shall be initiated or completed are:

    ☐    as set forth in the attached service plan.

    ☐    as follows:

3.12    ☒    Services for the child(ren) are:

    ☒ as set forth in the prior orders.

    ☐ as follows: _____

    ☐    SAY evaluation, and the child was notified that he/she may request an attorney.

    ☐    The child is 12 or older and ☐ agrees to the services ☐ was notified of the services ☐ was notified that he/she may request an attorney.

3.13    ☐    Child's educational liaison –    n/a due to age

**Visitation**

3.14    ☒    The specific visitation plan between the child(ren) and mother shall be:

    ☒    as set forth in the prior orders.

    ☐    as follows:

    ☒    Visits shall be
        ☐    supervised    ☒ monitored per the finding in 2.20 above.
        ☐    unsupervised per RCW 13.34.136(2)(b)(ii)(C).

      ☒     Visitation between the mother and the child may be expanded / liberalized upon agreement of the parties

3.15  ☒    The specific visitation plan between the child and father shall be: *mother shall be provided $50 gas voucher for each visitation she attends.*

      ☒     as set forth in the prior orders.

3.16  ☐    The specific plan for visitation or contact between the child and child's siblings shall be:

          N/A – siblings not under court jurisdiction

## Child's Indian Status

3.17  Any party who subsequently receives information that provides a reason to know the child is an Indian child under 25 C.F.R. § 23.107 shall inform the court.

## Other

3.18  Other:

_____

_____

_____

_____.

      DCYF is authorized to consent to travel by the child with their licensed foster parent/relative caregiver/other suitable person placement for up to two weeks within Washington State or to other states within the United States.  If the travel will interfere with scheduled visits between the child and a parent, DCYF shall give 10 calendar days' notice to that parent so that a plan for make-up visits can be made.  The licensed foster parent/relative caregiver/other suitable person placement may consent to emergency medical and dental care during these trips.

## Permanency Planning Order – Required at Permanency Planning Hearing

3.19  The permanency plan for the child is:

| Primary: | Alternative: | |
|---|---|---|
| ☐ | ☒ | Return of the child to the home of the ☒ mother ☐ father ☐ guardian or ☐ legal custodian; |
| ☒ | ☐ | Adoption; |
| ☐ | ☐ | Final non-parental custody order pursuant to Chapter 26.10 RCW or the equivalent laws of another state or a federally recognized Indian tribe; |
| ☐ | ☐ | Title 13 Guardianship; |
| ☐ | ☐ | Long term ☐ relative or ☐ foster care for children between 16 and 18 years of age, with a written agreement; |
| ☐ | ☐ | Responsible living skills program; and/or |
| ☐ | ☐ | Independent living for children 16 and older. |

3.20    The court orders the following actions to be taken to move the case toward permanency:

_____

_____

_____.

3.21    **Release of Information**:

All court-ordered service providers shall make all records and all reports available to DCYF, attorney for DCYF, parent's attorney, the guardian ad litem and attorney for the child.  Parents shall sign releases of information and allow all court-ordered service providers to make all records available to DCYF and the guardian ad litem or attorney for the child.  Such information shall be provided immediately upon request.  All information, reports, records, etc., relating to the provision of, participation in, or parties' interaction with services ordered by the court or offered by DCYF may be subject to disclosure in open court unless specifically prohibited by state or federal law or regulation.

DCYF may continue to make reasonable efforts to locate and investigate an appropriate relative or other suitable person who is available and willing to care for the child, and is authorized to share information about the child, as necessary, with potential relative or other suitable person placement resources to determine their suitability and willingness as a placement for the child.

3.22    All parties shall appear at the next scheduled hearing (see page one).


Dated:  11/05/21

Judge Judith H. Ramseyer

Presented electronically by:
    /s/  David La Raus
David La Raus
Assistant Attorney General
WSBA No.33715


**Notice: A petition for permanent termination of the parent-child relationship may be filed if the child is placed out-of-home under an order of dependency.  (RCW 13.34.180.)**


Approved for entry via email attached:
Daewoo Kim, counsel for mother
    [CASA pending]
    [father defaulted, unrepresented]