The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MYRIAM ZAYAS,

Plaintiff,

v.

BRIAN WALTON; SHEILA WILSON; JUDITH RAMSEYER; KELLY TAYLOR; BRITTANY RAMOS; SYLVIA HOWARD,

Defendants.

NO. 2:22-cv-00018-MJP

DEFENDANTS' REPLY TO PLAINTIFF'S REPLY [sic] TO MOTION TO DISMISS

NOTE ON MOTION CALENDAR: April 8, 2022

Defendants WALTON, TAYLOR, RAMOS, and HOWARD, (collectively, "Defendants"), reply to Plaintiff's response and move the Court to dismiss Plaintiff's Amended Complaint pursuant to FRCP 12(b)(6) and 12(b)(1). Plaintiff reasserts in her response brief the same allegations that the state court dependency orders are invalid and that rights are being violated during her ongoing state court child dependency/termination case. As with Plaintiff's numerous other dismissed federal court lawsuits, Plaintiff's renewed attempts to reject the ongoing state court dependency/termination actions, and her attempts to appeal the state court dependency orders,

DEFENDANTS' REPLY TO PLAINTIFF'S REPLY [SIC] TO MOTION TO DISMISS
Cause No. 2:20-cv-00018-MJP

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

continue to be impermissible pursuant to the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. Moreover, Plaintiff has also failed to state a claim upon which relief maybe granted, because Defendants are shielded by absolute and qualified immunity with respect to the challenged actions and because many of Plaintiff's civil rights allegations are deficient, as they do not implicate any federal or constitutionally protected rights.

For all these reasons, as well as the reasons stated in Defendants' Motion to Dismiss (Dkt. #19), Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint ("AC") with prejudice.

## I. EVIDENCE RELIED UPON

This motion is based on the arguments and authorities in support of Defendant's Motion to Dismiss, as well as the declarations and exhibits therein, and on Plaintiff's AC.

## II. DEFENDANT'S REPLY

Plaintiff's response brief continues to attempt to appeal, obstruct and re-litigate state court matters before this District Court. Plaintiff raises issues in her *Complaint* and *Response* that deal with impeachment of witnesses, recusal of judges and alleged problems with the validity of orders that are patently issues to be raised before the state court, in the context of the state court case.

In her response brief, Plaintiff again argues that the dependency case court orders involving her child were invalid. Response, Dkt # 24 at 2:14-27; 4:4-12. Plaintiff further alleges that Defendants continue to violate her rights during ongoing monitored visits with her child as part of the ongoing dependency case involving her child. *Id*. 6:1-3. Plaintiff also states that no final judgment has been made in the dependency case of her child. *Id*. 6:20. For these reasons,

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

as well as the reasons discussed at length in Defendants' Motion to Dismiss, this Court should abstain from hearing this case under both the *Younger* and the *Rooker-Feldman* doctrines.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431, 102 S. Ct. 2515 (1982). The *Younger* doctrine originally applied to state criminal proceedings, but has since been held to be equally applicable to certain other state proceedings that are judicial in nature including state administrative proceedings in which important states' interests are vindicated. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 627, 106 S. Ct. 2718 (1986). As in *Ohio Civil Rights Comm'n,* the present case involves state administrative proceedings in which important states' interests are vindicated. Because Plaintiff herself agrees that her federal lawsuit directly implicates ongoing dependency and termination proceedings of her child in state court, this Court should abstain from exercising jurisdiction and hearing this case under the *Younger* Doctrine.

Under the *Rooker-Feldman* Doctrine, a federal district court lacks the subject matter jurisdiction to hear an appeal from a state court judgment. *Doe v. Mann*, 415 F.3d 1038, 1041–42 (9th Cir. 2005). "Typically, the Rooker–Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Id*. (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 129 L. Ed. 2d 775

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

(1994)); *see also Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) (federal district court must refuse to hear "a forbidden de facto appeal from a judicial decision of a state court").

Plaintiff's AC effectively seeks to "appeal" the orders of dependency issued by the state court. In particular, Plaintiff seeks to insert this District Court into the state court litigation of child dependency proceedings. These decisions can be appealed at the state court in many different ways, including reconsiderations, appeals, interpleaders and writs to appellate courts. In that sense, this case is identical to *Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007) (unpublished opinion) (quoting *Exxon–Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

In *Lacy-Curry*, the court applied the *Rooker-Feldman* preclusion to a Complaint related to a series of state court child dependency proceedings, some that were ongoing and some pending. The Court specifically stated:

> All of Lacy–Curry's instant claims relate to a series of state court child dependency proceedings, some of which have concluded and some are still pending. . . .[I]f state court proceedings have concluded, then the Rooker–Feldman doctrine precludes our review because Lacy–Curry is clearly a "state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," and she is "inviting district court review and rejection of those judgments."

In the instant case, Plaintiff did not prevail in the state court dependency proceedings and the court found her children to be dependent and without any parent, custodian or guardian capable of caring for them. *See* Defendants' Motion to Dismiss, Dkt # 19 5:22-26. Plaintiff now accuses Defendants of acting in violation of her rights for following the orders of dependency court, which Plaintiff claims that, among other allegations, are forged. Amended Complaint, Dkt # 7 p. 10 ¶ 26-27. In essence, Plaintiff is attempting to invite this Court to review, reject or amend state court

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

dependency orders. *See* Plaintiff's Response, Dkt # 24 at 2:14-27; 4:4-12. Plaintiff's allegations of injuries flowing directly from the state court's order of dependency is a forbidden de facto appeal from a state court judgment. This Court should abstain from addressing what in substance would be appellate review of the state court judgment pursuant to the *Rooker-Feldman* Doctrine.

Finally, Plaintiff's claims against Defendant Walton are time-barred (*see* Dkt # 19, Motion to Dismiss 12:6-14:14); Defendants are shielded by absolute and qualified immunity with respect to their challenged actions (*Id*. at 15:14-17:18); and many of Plaintiff's civil rights allegations are deficient because they do not implicate any federal or constitutionally protected rights (*Id*. at 17:19-18:24). For these reasons as well, Plaintiff has failed to state a claim upon which relief may be granted.

## III. CONCLUSION

For the foregoing reasons, this Court should abstain from hearing Plaintiff's claims against Defendants Brian WALTON, Kelly TAYLOR, Brittany RAMOS, and Sylvia HOWARD, pursuant to the *Younger* and *Rooker-Feldman* doctrines. Furthermore, Defendants Brian WALTON, Kelly TAYLOR, Brittany RAMOS, and Sylvia HOWARD have absolute quasi-prosecutorial and quasi-judicial immunity with respect to their challenged actions. Finally and additionally, Plaintiff's claims against Brian WALTON are time-barred. For all these reasons, the Court should dismiss Plaintiff's Amended Complaint (Dkt # 7) with prejudice pursuant to FRCP 12(b)(6) and 12(b)(1).

///

///

///



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

We adopt by reference our argument and request for dismissal previously submitted before this Court (Dkt. #19).

DATED this 5th day of April, 2022.

ROBERT W. FERGUSON
Attorney General

*/s/ Brendan Lenihan*
BRENDAN LENIHAN, WSB No. 56066
Assistant Attorney General
Attorney for Defendants
brendan.lenihan@atg.wa.gov

DEFENDANTS' REPLY TO PLAINTIFF'S REPLY [SIC] TO MOTION TO DISMISS
Cause No. 2:20-cv-00018-MJP

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2022, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Electronic Service to:
MYRIAM ZAYAS
Email: Amiya.angel@gmail.com

*/s/ Brendan Lenihan*
BRENDAN LENIHAN, WSB No. 56066
Assistant Attorney General

DEFENDANTS' REPLY TO PLAINTIFF'S REPLY [SIC] TO MOTION TO DISMISS
Cause No. 2:20-cv-00018-MJP

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300