1

2                                                               The Honorable Marsha J. Pechman

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT
                          FOR THE WESTERN DISTRICT OF WASHINGTON
7

8    MYRIAM ZAYAS,                                    No. 2:22-cv-00018-MJP

                                     Plaintiff,       REPLY IN SUPPORT OF
9        vs.                                          DEFENDANT JUDITH RAMSEYER'S
                                                      MOTION TO DISMISS
10   BRIAN WALTON (individual capacity),
     SHEILA WILSON (individual capacity),             ***Noted on Motion Calendar for***:
11   JUDITH RAMSEYER (individual capacity),           **Friday, April 15, 2022**
     KELLY TAYLOR (individual capacity),              *Without Oral Argument*
12   BRITTANY RAMOS (individual capacity),
     SYLVIA HOWARD (individual capacity),
13
                                     Defendants.
14

15

16                              I.      **RESPONSE**

17          The omissions in Plaintiff's Response effectively highlight the reasons why Defendant's

18   motion to dismiss should be granted.  *See* Dkt.24.[1]  While the brief raises numerous immaterial

19   facts and conclusions, Plaintiff fails to meaningfully respond to any of the legal grounds for

20   dismissal as set forth in Defendant's motion.  All claims against King County Judge Ramseyer

21

22

23   _____
     [1] Plaintiff filed two responsive pleadings to Defendant's Motion to Dismiss, including "Plaintiff's Reply
     to Defendant's Reply to Plaintiff's Reply." Dkt. 26.

     REPLY IN SUPPORT OF DEFENDANT                    **Daniel T. Satterberg**, Prosecuting Attorney
     JUDITH RAMSEYER'S MOTION TO DISMISS              CIVIL DIVISION, Contracts Section
     2:22-cv-00018-MJP - 1                            1191 2nd Ave., Ste 1700
                                                      Seattle, Washington  98101
                                                      (206) 477-1120  Fax (206) 296-0191

1    should be dismissed with prejudice because Plaintiff fails to state a claim under any fact proffered.

2    Fed. R. Civ. P. 12.

3                                    II.    **ARGUMENT**

4         A federal court may dismiss a claim sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) when

5    it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See*, *Reed v.*

6    *Lierance*, 863 F.3d 1196, 1207 (9th Cir. 2017); *Omar v. Sea-Land Services, Inc*., 813 F.2d 986

7    991 (9th Cir. 1987). The Court may only consider the complaint, materials incorporated into the

8    complaint by reference, and matter of which the court may take judicial notice. *Cedar Point*

9    *Nursery*, 923 F.3d 524, 530 (9th Cir. 2019). The Court is not required to accept legal conclusions

10    couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to survive a

11    Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief

12    that is plausible on its face." *Ashcroft*, 556 U.S. at 678. This standard does not excuse a pro se

13    litigant from meeting the most basic pleading requirements. *See*, *American Ass'n of Naturopathic*

14    *Physicians v. Hayhurst*, 227 F.3d 1104, 1107-09 (9th Cir. 2000).

15         42 U.S.C. §1983 "affords a 'civil remedy' for deprivation of federally protected rights

16    caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

17    To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was

18    committed by a person acting under color of state law, and (2) the conduct deprived a person of a

19    right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.*

20         To state a claim under Section 1983, a plaintiff must set forth the specific factual basis

21    upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

22    (9th Cir. 1982).

23

REPLY IN SUPPORT OF DEFENDANT
JUDITH RAMSEYER'S MOTION TO DISMISS
2:22-cv-00018-MJP - 2

A.    Rooker-Feldman

Based upon the allegations contained in Plaintiff's Complaint and Response to Defendant's motion, Plaintiff's claims are barred by *Rooker-Feldman*.[2] Plaintiff attempts to distinguish *Rooker-Feldman*, asserting that it is a criminal case and inapplicable to cases of intentional racial discrimination.   Dkt. 24 at 2-3. Although the Response appears to raise new claims of racial discrimination and retaliation, Plaintiff stipulates she previously litigated these allegations, resulting in an unsuccessful appeal to the Supreme Court for alleged discrimination in adoption practice by CPS. *Id*. at 2-5.

After Defendant raised the *Rooker-Feldman* doctrine as a bar to recovery, it was incumbent upon Plaintiff to set forth sufficient facts or legal authority entitling Plaintiff to recover or reverse the decision of the state court concerning her parenting proceedings. *See*, *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982) (holding "vague and conclusory allegations of officials participating in a civil rights violation not sufficient to support a claim under Section 1983").

B.    Judicial Immunity

Plaintiff's claims against Judge Ramseyer are barred by judicial immunity.   "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).   Judges only lose absolute immunity when they act in clear absence of all jurisdiction or perform acts not in a judicial nature." *Id*.

---

[2] "Rooker-Feldman is a powerful doctrine that prevents federal courts from second guessing state court decisions by barring the lower courts from hearing de facto appeals from state court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

REPLY IN SUPPORT OF DEFENDANT
JUDITH RAMSEYER'S MOTION TO DISMISS
2:22-cv-00018-MJP - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Contracts Section
1191 2nd Ave., Ste 1700
Seattle, Washington  98101
(206) 477-1120  Fax (206) 296-0191

In support of the Complaint, Plaintiff asserts "Defendant Ramseyer has final policy making authority for the County of King and accepted the perjured testimony of a kindergarten teacher during the Plaintiff's trial over a year ago, when she knows that it is the law the social workers have to get the Plaintiff's child's school records when that child is removed." Dkt. 24 at 4. However, none of these allegations demonstrate an absence of all jurisdiction.[3]  Accordingly, Plaintiff's claims are barred by judicial immunity.

C.    Dismissal With Prejudice

The Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *On Demand Direct Response, LLC et al. v. Shana Lee McCart-Pollak*, 842 Fed. Appx. 151, 152 (2021).  Plaintiff cannot amend the complaint to cure the deficiencies identified in Defendant's motion.  First, Plaintiff's claims are barred by Rooker-Feldman doctrine because Plaintiff seeks a de facto appeal of a state court decision. Additionally, Plaintiff's claims against Defendant are barred by the doctrine of judicial immunity.   Thus, based on the foregoing, Plaintiff's claims are barred as a matter of law and the Court should deny leave to amend because amendment would be futile.

---

[3] *See also*, Dkt. #23-1, *Defendant's Motion to Dismiss, Decl. in Support, Ex. 1:  Order on Dependency* (redacted).  The jurisdiction and authority of King County Superior Court to preside over dependency and termination proceedings is conferred in RCW 13.34.155 which establishes parenting plans, and RCW 26.12.010 providing in part, "Each superior court shall exercise the jurisdiction conferred by this chapter" over family court proceedings.

REPLY IN SUPPORT OF DEFENDANT
JUDITH RAMSEYER'S MOTION TO DISMISS
2:22-cv-00018-MJP - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### III.    <u>CONCLUSION</u>

For the reasons stated above, Defendant respectfully requests this Court grant Defendant King County Judge Ramseyer's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) and dismiss this action with prejudice.


DATED this 15th day of April, 2022.


DANIEL T. SATTERBERG
King County Prosecuting Attorney


By: *s/ T. Shane Harrison*
T. SHANE HARRISON, WSBA #51006
Senior Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 477-1120 / Fax: (206) 296-8819
Email: t.shane.harrison@kingcounty.gov
Attorney for Defendant Judge Judith Ramseyer

REPLY IN SUPPORT OF DEFENDANT
JUDITH RAMSEYER'S MOTION TO DISMISS
2:22-cv-00018-MJP - 5

1

## CERTIFICATE OF FILING AND SERVICE

2      I hereby certify that on April 15, 2022, I electronically filed the foregoing document with

3  the Clerk of the Court using the electronic filing system and sent the same to the following:

4

5  *Via U.S. Mail and Email:*          *Via ECF E-Service:*

6  Myriam Zayas                        Brendan M. Lenihan, WSBA #56066
   27369 – 129th Place SE              Ferdinand J. Jugo Oritz, WSBA #56806
7  Kent, WA 98030                      Assistant Attorneys General
   Amiya.angel@gmail.com               Attorney General of Washington
8                                      Torts Division
   Pro Se Plaintiff                    7141 Cleanwater Drive SW
9                                      P.O. Box 40126
                                       Olympia, WA 98504-0126
10                                     Brendan.Lenihan@atg.wa.gov
                                       Ferdinand.LugoOrtiz@atg.wa.gov
11
                                       Attorneys for Defendants Walton, Wilson,
12                                     Taylor, Ramos and Howard

13

14      I declare under penalty of perjury under the laws of the State of Washington that the

15  foregoing is true and correct.

16

17      DATED this 15th day of April, 2022.

18

19                          By:  _____
20                               ERICA BRUNETTE
                                 Paralegal, Civil Division
21                               King County Prosecuting Attorney's Office
                                 Email: ebrunette@kingcounty.gov
22

23

REPLY IN SUPPORT OF DEFENDANT
JUDITH RAMSEYER'S MOTION TO DISMISS
2:22-cv-00018-MJP - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Contracts Section
1191 2nd Ave., Ste 1700
Seattle, Washington  98101
(206) 477-1120  Fax (206) 296-0191