UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C22-18 MJP |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS |
| v. | |
| BRIAN WALTON, SHEILA WILSON, JUDITH RAMSEYER. KELLY TAYLOR, BRITTANY RAMOS, SYLVIA HOWARD, | |
| Defendants. | |

This matter comes before the Court on Defendants Brian Walton, Kelly Taylor, Brittany Ramos, and Sylvia Howard's Motion to Dismiss (Dkt. No. 19) and Defendant Judith Ramseyer's Motion to Dismiss (Dkt. No. 22). Having reviewed the Motions, Plaintiff Myriam Zayas' Opposition (Dkt. No. 24), the Replies (Dkt. Nos. 25, 27), Plaintiff's Surreply (Dkt. No. 26), and Defendants' Request for Judicial Notice (Dkt. No. 21), the Court GRANTS the Motions to Dismiss and DISMISSES this action WITH PREJUDICE.

ORDER ON MOTIONS TO DISMISS - 1

# BACKGROUND

Plaintiff's lawsuit relates to an ongoing dependency case that she is litigating in state court concerning her minor child, ACZ, and the termination of her parental rights. (Amended Complaint ¶¶ 13-41; see, e.g., Ex. 8 to the Declaration of Brendan Lenihan (Dkt. No. 20).) Plaintiff has sued several social workers (Defendants Walton, Wilson, Howard, Ramos, and Taylor), an assistant Attorney General (Defendant Taylor), and a Superior Court Judge (Judge Ramseyer) for what she alleges are violations of her federal civil rights in connection with the state court proceedings. She pursues claims for intentional infliction of emotional distress, retaliation for exercising her First Amendment rights, violations of her due process rights, and a "deprivation of rights under color of law" under 42 U.S.C. § 1983. Plaintiff has also filed a motion to amend her complaint again to add "substantive due process" and a "right to have and raise a family without government interference" claims. (Dkt. No. 12.) Plaintiff seeks "declaratory and injunctive relief to end Child Protective Services['] discriminatory practices, and their continued widespread custom [and] policy of forcing kindergarteners into Christianity, and compensatory and punitive damages." (Am. Compl. ¶ 5 (emphasis omitted); see also id. ¶¶ 11-12 (seeking injunctive relief).) Plaintiff specifically demands "$500 million in punitive damages." (Id. ¶ 81.)

Plaintiff's Amended Complaint and the judicially noticeable record suggest that the Washington Department of Children, Youth and Families ("DCYF") removed ACZ from Plaintiff's custody in March 2020 under a court order based on concerns that Plaintiff was struggling with substance abuse. (Am. Compl. ¶¶ 23-24; see Declaration of Brendan Lenihan Exs. 1-9 (Dkt. No. 20).) Plaintiff alleges that Defendants Howard, Ramos, and Judge Ramseyer have forced ACZ to attend a Christian school against Plaintiff's wishes. (Am. Compl. ¶ 18; see

1 also id. ¶¶ 18-23, 25.) Plaintiff also alleges that Defendants Taylor, Ramos, Howard, and Judge
2 Ramseyer either committed fraud or knowingly accepted fraudulent testimony in connection
3 with the dependency action involving ACZ. (See id. ¶¶ 26-33, 35, 39.) Plaintiff also alleges that
4 Judge Ramseyer wrongfully terminated her parental rights by accepting falsified testimony. (Id.
5 ¶¶ 26-33.) Plaintiff further alleges that Defendants Ramos and Howard have violated her First
6 Amendment rights by forbidding her from discussing the "current dependency case" during visits
7 with ACZ. (See id. ¶¶ 34, 36.) And Plaintiff asserts claims against Defendants Wilson and
8 Walton that relate exclusively to conduct that occurred in 2014. (See Amended Complaint ¶¶ 13-
9 16.)

10 The dependency action about which Plaintiff's complains remains ongoing, as is evident
11 in the Amended Complaint and Plaintiff's own admission that "[n]o final judgment has been
12 made in Plaintiffs['] state case." (Pl. Opp. at 6 (Dkt. No. 24); see Am. Compl. ¶¶ 18-23, 25.) The
13 Court is also aware that Plaintiff has filed two other civil rights cases before this Court regarding
14 the same state court proceedings that have been dismissed with prejudice. See Zayas v. Dep't of
15 Children Youth and Families, et al., C20-981 JLR, Dkt. No. 60, 62 (W.D. Wash.); Zayas v.
16 Nguyen et al., C21-746 JCC, Dkt. No. 29 (W.D. Wash.).

17 **ANALYSIS**

18 **A.      Legal Standard**

19 Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests
20 whether the Court has subject matter jurisdiction over the claims. Dismissal under Rule 12(b)(1)
21 is proper if the Court lacks subject matter jurisdiction to adjudicate claims asserted in a plaintiff's
22 amended complaint. The Court's analysis begins with the proposition that the party asserting
23 jurisdiction bears the burden of establishing subject matter jurisdiction. Ass'n of Am. Med. Coll.
24

v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). Here, Defendants challenge jurisdiction based on information in the amended complaint and materials submitted in a request for judicial notice. Given the nature of the challenge, the Court considers the allegations in the amended complaint and judicially noticeable facts, which here include the orders from the dependency action. See Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (court may consider evidence beyond the complaint in deciding factual attack under Rule 12(b)(1)). The Court accepts allegations in the amended complaint as true, and draws all reasonable inferences in the plaintiff's favor. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). And because Plaintiff appears pro se, the Court holds her complaint "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

Defendants' Motion to Dismiss pursuant Federal Rule of Civil Procedure 12(b)(6) tests whether Plaintiff's amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering the motion, the Court draws reasonable inferences for the nonmoving party (here, the Plaintiff), but notes that any reliance on "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not'" satisfy Plaintiff's burden. Id. (quoting Twombly, 550 U.S. at 555). Along with the complaint, the Court may consider documents mentioned in the amended complaint that are central to the claims and of undisputed authenticity. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The Court may also consider materials subject to judicial notice, such as public records and court documents. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001); see also Fed. R. Evid. 201.

**B.     Younger Abstention**

Defendants urge the Court not to exercise jurisdiction in this case under the Younger abstention doctrine. (Dkt. Nos. 24 at 8–11, 25 at 10–12.) Having considered the arguments of the parties, the Court finds dismissal under Younger appropriate.

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts must not interfere with pending state court litigation that implicates "important state interests." Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 881 (9th Cir. 2011). Younger abstention is required if the state proceedings (1) are ongoing, (2) implicate "important state interests," (3) provide an adequate opportunity to raise federal questions, and (4) if federal adjudication would enjoin or have the practical effect of enjoining the state proceeding. Logan v. U.S. Nat'l Bank Ass'n, 722 F.3d 1163, 1167 (9th Cir. 2013).

All of the Younger considerations are satisfied here. First, the dependency action out of which the claims arise remains ongoing, as Plaintiff pleads and concedes. (See, e.g., Am. Compl. ¶¶ 18-23; Pl. Opp. at 6 (Dkt. No. 24).) Second, the dependency action is a quasi-criminal enforcement action that implicates important state interests. See Negrete v. Los Angeles Cty. et al., No. 220CV11124JGBMAA, 2021 WL 2551595, at *2 (C.D. Cal. June 22, 2021) (citing Moore v. Sims, 442 U.S. 415, 423 (1977) (affirming Younger dismissal of claims related to ongoing juvenile proceedings in state court)); accord Safouane v. Fleck, 226 F. App'x 753, 758–59 (9th Cir. 2007). Courts also recognize that child custody proceedings in state court afford sufficient opportunity to raise federal claims. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Third, Plaintiff has an adequate means of raising the concerns about the education of ACZ and her rights in interacting with ACZ through the dependency action. Fourth, the injunctive, declaratory and substantial monetary relief Plaintiff seeks would have the

practical effect of enjoining the state court proceedings. The Court therefore DISMISSES WITH PREJUDICE Plaintiff's claims under the Younger doctrine.

C.  **Rooker-Feldman Doctrine**

The Court also finds that the Rooker-Feldman doctrine provides an addition bar to Plaintiff's claims.

"Rooker-Feldman is a powerful doctrine that prevents federal courts from second guessing state court decisions by barring the lower court from hearing de facto appeals from state court judgments." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Named after a pair of Supreme Court cases, Rooker-Feldman bars federal lawsuits seeking to overturn state judgments, because, by federal statute, only the Supreme Court has jurisdiction to review state court decisions. See Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010). But the Rooker-Feldman doctrine does not apply if the plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party in state court. Id.

Rooker-Feldman serves as an additional bar to Plaintiff's claims to the extent that they arise out of any of state litigation that is final. To the extent that Plaintiff is challenging the termination of her parental rights and that decision is final, then she is seeking a de facto appeal of the sort that Rooker-Feldman forbids. (See Am. Compl. ¶¶ 5, 7–12; 62-81.) And to the extent that Plaintiff is seeking to reverse various final decisions in the dependency action, those, too, are barred by Rooker-Feldman. Nor has Plaintiff presented any plausible allegations that Defendants have engaged in any illegal acts or omissions that might allow her claims to escape the doctrine. See, e.g., Twombly, 550 U.S. at 555–56. So to the extent that any of Plaintiff's claims arise out of state litigation that has reached a final decision, the Court DISMISSES them WITH PREJUDICE under Rooker-Feldman.

ORDER ON MOTIONS TO DISMISS - 6

1  **D.    Immunity**

2  Even if the Court exercised jurisdiction, it finds that all of Plaintiff's claims against Judge

3  Ramseyer and Defendants Ramos, Taylor, and Howard are barred by various immunities.

4  **1.    Judicial Immunity**

5  "Judges are absolutely immune from damages actions for judicial acts taken within the

6  jurisdiction of their courts." Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per

7  curiam) (citation omitted). "A judge loses absolute immunity only when he acts in the clear

8  absence of all jurisdiction or performs an act that is not judicial in nature." Id. (citation omitted).

9  And "[j]udicial immunity applies 'however erroneous the act may have been, and however

10 injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d

11 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199 (1985)).

12 Here, Plaintiff seeks injunctive, declaratory, and monetary relief from Judge Ramseyer

13 for judicial acts taken within her jurisdiction as a Superior Court Judge presiding over the state

14 dependency action. Although Plaintiff asserts that Judge Ramseyer lacked jurisdiction to

15 terminate her parental rights, Plaintiff offers no competent allegations to support that bare legal

16 conclusion. The Court finds that the claims fail to show that Judge Ramseyer acted in a non-

17 judicial capacity or that she lacked jurisdiction in undertaking any of the alleged acts. As such, in

18 addition to dismissal under Younger and Rooker-Feldman, the Court DISMISSES WITH

19 PREJUDICE the claims against Judge Ramseyer given her judicial immunity.

20 **2.    Prosecutorial Immunity**

21 A prosecutor is entitled to absolute immunity for acts taken "in preparing for the

22 initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the

23 State." Kalina v. Fletcher, 522 U.S. 118, 126 (1997). An assistant attorney general acting as legal

24

counsel for the Department of Children, Youth and Families in child dependency proceedings performs quasiprosecutorial functions and is entitled to immunity for actions in connection with initiating and pursuing child dependency proceedings. Ernst v. Child & Youth Servs. Of Chester Cnty., 108 F.3d 486, 504 (3d Cir. 1997) (holding that an attorney representing a state child services agency is "entitled to absolute immunity for all of [the attorney's] quasi prosecutorial activities while representing [the agency] in connection with [a child's] dependency proceedings[.]"). And when social workers perform functions related to child dependency proceedings, they are protected by absolute quasi-prosecutorial immunity: Meyers v. Contra Costa Cty. Dep't of Soc. Servs., 812 F.2d 1154, 1156 (9th Cir. 1987); see also Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991) (holding that a social worker is entitled to quasi-prosecutorial immunity when contributing as an advocate in child dependency proceedings).

Here, all of Plaintiff's claims against Defendants Ramos, Taylor, and Howard are barred by prosecutorial immunity. Plaintiff's claims against Defendant Taylor relate to her conduct as an Assistant Attorney General in the dependency proceedings. And Plaintiff's claims against Defendants Ramos and Howard relate to their function as social workers in the dependency proceedings. All of these claims are barred by prosecutorial immunity. In addition to dismissal under Younger and Rooker-Feldman, the Court DISMISSES WITH PREJUDICE the claims against Defendants Taylor, Ramos, and Howard given their prosecutorial immunity.

**E.    Untimely Claims against Walton and Wilson**

The Court finds that the claims against Walton and Wilson are time-barred and must be dismissed.

All of Plaintiff's claims are subject to a three-year statute of limitations. First, while 42 U.S.C. § 1983 contains no statute of limitations, the Court looks to the limitations period for an

ORDER ON MOTIONS TO DISMISS - 8

analogous state cause of action. See Cty. Of Oneida v. Oneida Indian Nation of N.Y. State, 470 U.S. 226, 240 (1985). Here, the Court looks to the statute of limitations period for personal injury cases, which in Washington is three years. Joshua v. Newell, 871 F.2d 884 (9th Cir. 1989) (citing RCW 4.16.080(2)); Milligan v. Thompson, 90 Wn. App. 586, 591–92 (1998). Second, the tort of intentional infliction of emotional distress also has a three-year statute of limitations. St. Michelle v. Robinson, 52 Wn. App. 309, 314 (1988).

All of the claims that Plaintiff asserts against Defendants Walton and Wilson are barred by the statute of limitations. As pleaded, all of the alleged conduct that Defendants Walton and Wilson engaged in occurred in 2014. This is outside the limitations period. The Court finds that all of the claims against Defendants Walton and Wilson must be dismissed as untimely and no amendment can cure this defect. The Court DISMISSES these claims WITH PREJUDICE.

## CONCLUSION

All of Plaintiff's claims are defective and cannot be saved by amendment. Her claims related to the ongoing dependency action are barred by the Younger doctrine. To extent any claims relate to final state actions, they are barred by the Rooker-Feldman doctrine. Plaintiff's claims against Defendants Ramseyer, Ramos, Taylor, and Howard are barred by judicial or prosecutorial immunity. And the claims against Walton and Wilson are time barred. No set of amendments can cure these defects. Plaintiff's Motion to Amend is therefore DENIED as MOOT. And the Court DISMISSES this action WITH PREJUDICE.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated May 10, 2022.

Marsha J. Pechman
United States Senior District Judge